1   THOMAS E. FRANKOVICH (State Bar No. 074414)
    THOMAS E. FRANKOVICH,
2   *A Professional Law Corporation*
    4328 Redwood Hwy., Suite 300
3   San Rafael, CA 94903
    Telephone:     415/674-8600
4   Facsimile:     415/674-9900

5   Attorneys for Plaintiffs
    CRAIG YATES
6   and DISABILITY RIGHTS
    ENFORCEMENT, EDUCATION,
7   SERVICES: HELPING YOU
    HELP OTHERS

8

9

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12  CRAIG YATES, an individual; and          )   **CASE NO.  CV-08-04875-CRB**
    DISABILITY RIGHTS, ENFORCEMENT,          )   **Civil Rights**
13  EDUCATION, SERVICES:HELPING YOU)
    HELP OTHERS, a California public benefit )   **COMPLAINT FOR INJUNCTIVE RELIEF**
14  corporation,                             )   **AND DAMAGES:**
                                             )
15          Plaintiffs,                      )   **1ˢᵗ CAUSE OF ACTION:** For Denial of Access
                                             )   by a Public Accommodation in Violation of the
16  v.                                       )   Americans with Disabilities Act of 1990 (42
                                             )   U.S.C. §12101, *et seq.*)
17  3407 SACRAMENTO STREET LLC, a            )
    limited liability company,               )   **2ⁿᵈ CAUSE OF ACTION:** For Denial of Full
18                                           )   and Equal Access in Violation of California
            Defendant.                       )   Civil Code §§54, 54.1 and 54.3
19  _____ )

20                                               **3ᴿᴰ CAUSE OF ACTION:** For Denial of
                                                 Access to Full and Equal Accommodations,
21                                               Advantages, Facilities, Privileges and/or
                                                 Services in Violation of California Civil Code
22                                               §51, *et seq.* (The Unruh Civil Rights Act)

23

24                                               **DEMAND FOR JURY**

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                                                    1

1        Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2  EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3  corporation (hereinafter sometimes referred to as "DREES"), complain of defendant

4  3407 SACRAMENTO STREET LLC, a limited liability company and allege as follows:

5  **INTRODUCTION:**

6        1.     This is a civil rights action for discrimination against persons with physical

7  disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are

8  members, for failure to remove architectural barriers structural in nature at defendants'

9  3407 Sacramento Street Commercial Building, a place of public accommodation, thereby

10  discriminatorily denying plaintiffs and the class of other similarly situated persons with physical

11  disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit

12  from, the goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive

13  relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101,

14  *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*

15        2.     Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

16  June 13, 2008, August 2, 2008, September 6, 2008 and October 18, 2008, was an invitee, guest,

17  patron, customer at defendants' Button Down and Wilkinson Home Design, which are two

18  public accommodations located at 3415 and 3417 Sacramento Street, in the City of San

19  Francisco, California, that comprises the 3407 SACRAMENTO STREET LLC.   At said time

20  and place, defendants failed to provide proper legal access to the subject Commercial Building,

21  which is a "public accommodation" and/or a "public facility" including, but not limited to the

22  entrance.  The denial of access was in violation of both federal and California legal requirements,

23  and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and

24  was embarrassed and humiliated.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3. **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, and  Title 24 California Building Standards Code.

4. **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 3415 and 3417 Sacramento Street, in the City and County of San Francisco, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5. Plaintiff CRAIG YATES  is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff  is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff is a triplegic.  Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public.  Consequently, plaintiff CRAIG YATES  is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

///

6.      Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society.  DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector.  DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7.      That members of DREES, like plaintiff CRAIG YATES, will or have been guests and invitees at the subject 3407 SACRAMENTO STREET LLC Building, and that the interests of plaintiff DREES in removing architectural barriers at the subject  advance the purposes of DREES to assure that all public accommodations, including the subject Commercial Building, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8.      Defendant 3407 SACRAMENTO STREET LLC, a limited liability company (hereinafter alternatively collectively referred to as "defendant") is the owner and operator, lessor and/or lessee, or agent of the owners, lessors and/or lessees, of the public accommodation known as Button Down and Wilkinson Home Design, and other public accommodations therein, located at/near 3415 and 3417 Sacramento Street, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

9.      At all times relevant to this complaint, defendant 3407 SACRAMENTO STREET LLC, a limited liability company, owns and operates in joint venture the subject Commercial Building as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, et seq., and the ADA, 42 U.S.C. §12101, et seq.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

10.    At all times relevant to this complaint, defendant 3407 SACRAMENTO STREET LLC, a limited liability company is jointly and severally responsible to identify and remove architectural barriers at the subject Commercial Building pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201        General**

> (b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.    The Commercial Building, is a public accommodation comprised of such as the: Button Down and Wilkinson Home Design Center, located at/near 3415 and 3417 Sacramento Street, San Francisco, California.  The Commercial Building, its entrance and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the subject Commercial Building and each of its facilities, its entrance to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.    At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

13.    At all times referred to herein and continuing to the present time, defendant, and each of them, advertised, publicized and held out the subject Commercial Building as being handicapped accessible and handicapped usable.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14.     On or about June 13, 2008, August 2, 2008, September 6, 2008 and October 18, 2008, plaintiff CRAIG YATES was an invitee and guest at the subject Button Down and/or Wilkinson Home Design, for purposes of purchasing clothing and to determine what home design services may be available.

15.     On or about June 13, 2008, plaintiff CRAIG YATES attempted to gain entrance to the subject Commercial Building and was unable to do so due to a raised landing approximately two (2) inches above the sidewalk level.

16.     On or about July 1, 2008, plaintiff CRAIG YATES sent a volley of four (4) letters to the tenants and the owners of the subject building concerning the entrance.  Plaintiff CRAIG YATES never received a response.

17.     On or about August 2, 2008, plaintiff CRAIG YATES returned to the subject Commercial Building.  Due to the two (2) inch step up, plaintiff CRAIG YATES could not access the building.

18.     On or about September 6, 2008, plaintiff CRAIG YATES returned to the subject Commercial Building.  Plaintiff CRAIG YATES could not access the entrance.

19.     On or about October 18, 2008, plaintiff CRAIG YATES returned to the Button Down and Kendail Wilkinson Home Design, which are public accommodations within the subject Commercial Building.  Plaintiff CRAIG YATES was unable to gain entry because of the raised landing.  Plaintiff CRAIG YATES then went across the street to the Hardware Unlimited.

///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20.     Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject Commercial Building which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

        a.     lack of an accessible entrance due to a two (2) inch high landing; and

        b.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

21.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

22.     On or about July 1, 2008, defendant(s) were sent four (4) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. Plaintiff CRAIG YATES never received a response from any of the three (3) recipients.   Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

23.     As a legal result of defendant 3407 SACRAMENTO STREET LLC, a limited liability company's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    24.    As a further legal result of the actions and failure to act of defendant, and as a

2    legal result of the failure to provide proper handicapped-accessible public facilities as set forth

3    herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff

4    CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical

5    disabilities to full and equal access to public facilities.

6    25.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,

7    mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,

8    embarrassment, anger, disappointment and worry, expectedly and naturally associated with a

9    person with physical disabilities being denied access, all to his damages as prayed hereinafter in

10   an amount within the jurisdiction of this court.  No claim is being made for mental and emotional

11   distress over and above that usually associated with the discrimination and physical injuries

12   claimed, and no expert testimony regarding this usual mental and emotional distress will be

13   presented at trial in support of the claim for damages.

14   26.    Defendants', and each of their, failure to remove the architectural barriers

15   complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public

16   accommodation, and continues to create continuous and repeated exposure to substantially the

17   same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

18   27.    Plaintiff CRAIG YATES and the membership of DREES were denied their rights

19   to equal access to a public facility by defendant 3407 SACRAMENTO STREET LLC, a limited

20   liability company, because defendant 3407 SACRAMENTO STREET LLC, a limited liability

21   company maintained a Commercial Building without access for persons with physical disabilities

22   to its facilities, including but not limited to the entrance and other public areas as stated herein,

23   and continue to the date of filing this complaint to deny equal access to plaintiffs and other

24   persons with physical disabilities in these and other ways.

25   28.    On information and belief, construction alterations carried out by defendant has

26   also triggered access requirements under both California law and the Americans with Disabilities

27   Act of 1990.

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29.     Plaintiffs, as described hereinbelow, seek injunctive relief to require the Subject Commercial Building to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendant operates the subject Commercial Building as a public facility.

30.     Plaintiffs seek damages for violation of their civil rights on June 13, 2008, August 2, 2008, September 6, 2008 and October 18, 2008, and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

31.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

32.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and other accessibility law as plead herein. Plaintiffs seek an order from this court compelling defendant to make the subject Commercial Building accessible to persons with disabilities.

33.     On information and belief, defendant has intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators of other Commercial Buildings and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

34.     Plaintiffs are informed and believe and therefore allege that defendant 3407 SACRAMENTO STREET LLC, a limited liability company, and each of them, caused the subject building(s) which constitute a number of public accommodations within the subject Commercial Building to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the defendant and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendant has continued to maintain and operate said public accommodations and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the Commercial Building and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff DREES and the disability community which DREES serves.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, and the ADA, 42 U.S.C. §12101, *et seq.*

35.     On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the subject accommodations and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself, sponsors of conferences, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  premises and other properties owned by these defendants, newspaper articles and trade

2  publications regarding the Americans with Disabilities Act of 1990 and other access laws, public

3  service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and

4  other similar information.  Defendants' failure, under state and federal law, to make the subject

5  Commercial Building accessible is further evidence of defendants' conscious disregard for the

6  rights of plaintiff and other similarly situated persons with disabilities.  Despite being informed of

7  such effect on plaintiff and other persons with physical disabilities due to the lack of accessible

8  facilities, defendants, and each of them, knowingly and willfully refused to take any steps to

9  rectify the situation and to provide full and equal access for plaintiffs and other persons with

10  physical disabilities to the subject Commercial Building.  Said defendants, and each of them, have

11  continued such practices, in conscious disregard for the rights of plaintiffs and other persons with

12  physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants

13  had further actual knowledge of the architectural barriers referred to herein by virtue of the

14  demand letter addressed to the defendants and served concurrently with the summons and

15  complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and other

16  persons with physical disabilities, constitutes despicable conduct in conscious disregard of the

17  rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of

18  treble damages per Civil Code §§52 and 54.3.

19      36.    Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and

20  the disability community which it serves, consisting of persons with disabilities, would, could and

21  will return to the subject public accommodation when it is made accessible to persons with

22  disabilities.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**I.** **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant 3407 SACRAMENTO STREET LLC, a limited liability company , inclusive)
(42 U.S.C. §12101, *et seq.*)

37.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 36 of this complaint.

38.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

39.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

40.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> ---
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment; and
>
> (F) a laundromat, dry-cleaner, bank, barber shop, beauty parlor, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital or other service establishment.

42 U.S.C. §12181(7)(E)(F)

41.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

42. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

43. The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of 3415 and 3417 Sacramento Street pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  achievable," the removal of each individual barrier complained of herein was "readily

2  achievable."  On information and belief, defendants' failure to remove said barriers was likewise

3  due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

4  (b)(2)(A)(i)and (ii).

5        44.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

6  accomplishable and able to be carried out without much difficulty or expense."  The statute

7  defines relative "expense" in part in relation to the total financial resources of the entities

8  involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that

9  plaintiffs complain of herein were and are "readily achievable" by the defendants under the

10  standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

11  not "readily achievable" for defendants to remove each of such barriers, defendant has failed to

12  make the required services available through alternative methods which were readily achievable.

13        45.    On information and belief, construction work on, and modifications of, the subject

14  building(s) of 3415 and 3417 Sacramento Street  occurred after the compliance date for the

15  Americans with Disabilities Act, January 26, 1992, independently triggering access requirements

16  under Title III of the ADA.

17        46.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

18  *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

19  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

20  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

21  are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from

22  returning to or making use of the public facilities complained of herein so long as the premises

23  and defendants' policies bar full and equal use by persons with physical disabilities.

24        47.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

25  disability to engage in a futile gesture if such person has actual notice that a person or

26  organization covered by this title does not intend to comply with its provisions."  Pursuant to this

27  section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about

28  October 18, 2008, but on information and belief, alleges that defendants have continued to violate

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   the law and deny the rights of plaintiffs and of other persons with physical disabilities to access

2   this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of

3   §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

4   facilities readily accessible to and usable by individuals with disabilities to the extent required by

5   this title."

6         48.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

7   Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

8   the Americans with Disabilities Act of 1990, including but not limited to an order granting

9   injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

10  deemed to be the prevailing party.

11        Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

12  **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
        IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
13      (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
        EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
14      corporation, and Against Defendant 3407 SACRAMENTO STREET LLC, a limited
        liability company, inclusive)
15      (California Civil Code §§54, 54.1, 54.3, *et seq.*)

16        49.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

17  allegations contained in paragraphs 1 through 48 of this complaint.

18        50.     At all times relevant to this action, California Civil Code §54 has provided that

19  persons with physical disabilities are not to be discriminated against because of physical handicap

20  or disability.  This section provides that:

21                  (a) Individuals with disabilities . . . have the same rights as
            the general public to full and free use of the streets, highways,
22              sidewalks, walkways, public buildings, medical facilities, including
                hospitals, clinics, and physicians' offices, and other public places.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

51.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

52.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

53.     Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Plaintiffs have been and continue to be denied full and equal access to defendants' subject

2    Commercial Building. As a legal result, plaintiffs are entitled to seek damages pursuant to a court

3    or jury determination, in accordance with California Civil Code §54.3(a) for each day on which

4    they visited or have been deterred from visiting the Button Down Store and Wilkinson Home

5    Design Center because of their knowledge and belief that the subject building is inaccessible to

6    persons with disabilities. California Civil Code §54.3(a) provides:

8              Any person or persons, firm or corporation, who denies or interferes
               with admittance to or enjoyment of the public facilities as specified
9              in Sections 54 and 54.1 or otherwise interferes with the rights of an
               individual with a disability under Sections 54, 54.1 and 54.2 is
10             liable for each offense for the actual damages and any amount as
               may be determined by a jury, or the court sitting without a jury, up
11             to a maximum of three times the amount of actual damages but in
               no case less than . . .one thousand dollars ($1,000) and . . .
12             attorney's fees as may be determined by the court in addition
               thereto, suffered by any person denied any of the rights provided in
13             Sections 54, 54.1 and 54.2.

14             Civil Code §54.3(a)

15             54.    On or about June 13, 2008, August 2, 2008, September 6, 2008 and

16   October 18, 2008, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in

17   that plaintiff CRAIG YATES was denied access to the entrance and other public facilities as

18   stated herein at the subject Commercial Building and on the basis that plaintiff CRAIG YATES

19   was a person with physical disabilities.

20             55.    As a result of the denial of equal access to defendants' facilities due to the acts and

21   omissions of defendants, and each of them, in owning, operating and maintaining these subject

22   public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to

23   rights under Civil Code §§54, 54.1 and 54.3.

24             56.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental

25   anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment

26   and worry, all of which are expectedly and naturally associated with a denial of access to a person

27   with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and

28   omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

57.     Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about June 13, 2008, August 2, 2008, September 6, 2008 and October 18, 2008, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

58.     As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

59.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

///
///
///
///
///
///

1    Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

2  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL
          ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR**
3  **SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE
          UNRUH CIVIL RIGHTS ACT)**
4    (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
     EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
5    corporation, and Against Defendant 3407 SACRAMENTO STREET LLC, a limited
     liability company, inclusive)
6    (Civil Code §51, 51.5)

7    60.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

8    allegations contained in paragraphs 1 through 59 of this complaint.

9    61.    Defendants' actions and omissions and failure to act as a reasonable and prudent

10   public accommodation in identifying, removing and/or creating architectural barriers, policies,

11   practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

12   Unruh Act provides:

13           This section shall be known, and may be cited, as the Unruh
             Civil Rights Act.
14

15           All persons within the jurisdiction of this state are free and
             equal, and no matter what their sex, race, color, religion, ancestry,
             national origin, or **disability** are entitled to the full and equal
16           accommodations, advantages, facilities, privileges, or services in all
             business establishments of every kind whatsoever.
17

18           This section shall not be construed to confer any right or
             privilege on a person that is conditioned or limited by law or that is
             applicable alike to persons of every sex, color, race, religion,
19           ancestry, national origin, or **disability.**

20           Nothing in this section shall be construed to require any
             construction, alteration, repair, structural or otherwise, or
21           modification of any sort whatsoever, beyond that construction,
             alteration, repair, or modification that is otherwise required by other
22           provisions of law, to any new or existing establishment, facility,
             building, improvement, or any other structure . . . nor shall anything
23           in this section be construed to augment, restrict, or alter in any way
             the authority of the State Architect to require construction,
24           alteration, repair, or modifications that the State Architect otherwise
             possesses pursuant to other . . . laws.
25

26           A violation of the right of any individual under the
             Americans with Disabilities Act of 1990 (Public Law 101-336) shall
             also constitute a violation of this section.

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2   "intent" of the defendant in not complying with barrier removal is not an issue.  Hence, the

3   failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

4   failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5   defendants, and each of them.

6       62.   The acts and omissions of defendant stated herein are discriminatory in nature and

7   in violation of Civil Code §51.5:

8           No business establishment of any kind whatsoever shall
            discriminate against, boycott or blacklist, refuse to buy from, sell to,
9           or trade with any person in this state because of the race, creed,
            religion, color, national origin, sex, or **disability** of the person or of
10          the person's partners, members, stockholders, directors, officers,
            managers, superintendents, agents, employees, business associates,
11          suppliers, or customers.

12          As used in this section, "person" includes any person, firm
            association, organization, partnership, business trust, corporation,
13          limited liability company, or company.

14          Nothing in this section shall be construed to require any
            construction, alteration, repair, structural or otherwise, or
15          modification of any sort whatsoever, beyond that construction,
            alteration, repair or modification that is otherwise required by other
16          provisions of law, to any new or existing establishment, facility,
            building, improvement, or any other structure . . . nor shall anything
17          in this section be construed to augment, restrict or alter in any way
            the authority of the State Architect to require construction,
18          alteration, repair, or modifications that the State Architect otherwise
            possesses pursuant to other laws.
19                                          ---

20      63.   Defendants' acts and omissions as specified have denied to plaintiffs full and equal

21  accommodations, advantages, facilities, privileges and services in a business establishment, on the

22  basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.

23  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the

24  right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)

25  shall also constitute a violation of this section."  Plaintiffs accordingly incorporate the entirety of

26  their above cause of action for violation of the Americans with Disabilities Act at §37, *et seq*., as

27  if repled herein.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    64.    As a legal result of the violation of plaintiff CRAIG YATES's  civil rights as

2  hereinabove described, plaintiff CRAIG YATES has suffered general and statutory damages.

3    65.    Further, plaintiffs CRAIG YATES and DREES are entitled to the rights and

4  remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of

5  the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees

6  and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

7  ///

8  ///

9  ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant 3407 SACRAMENTO STREET LLC, a limited liability company, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.     For injunctive relief, compelling defendant 3407 SACRAMENTO STREET LLC, a limited liability company, inclusive, to make the Commercial Building, located at 3415 and 3417 Sacramento Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.     For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant 3407 SACRAMENTO STREET LLC, a limited liability company, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.     For injunctive relief, compelling defendant 3407 SACRAMENTO STREET LLC, a limited liability company, inclusive, to make the Commercial Building, located at 3415 and 3417 Sacramento Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

2  if plaintiffs are deemed the prevailing party;

3      4.      Treble damages pursuant to Civil Code §54.3;

4      5.      For all costs of suit;

5      6.      Prejudgment interest pursuant to Civil Code §3291; and

6      7.      Such other and further relief as the court may deem just and proper.

7  **III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**

8        **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***

(On Behalf of Plaintiff CRAIG YATES, and Against Defendant 3407 SACRAMENTO

9      STREET LLC, a limited liability company, inclusive),

(California Civil Code §§54, 54.1, 54.3, *et seq.*)

10

      1.      General and compensatory damages according to proof.

11

12  **IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO**

13        **FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

14      (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,

EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit

15      corporation and Against Defendant 3407 SACRAMENTO STREET LLC, a limited

liability company, inclusive)

16      (California Civil Code §§51, 51.5, *et seq.*)

17      1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and

18  for each occasion on which plaintiffs were deterred from returning to the subject public

19  accommodation;

20      2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the

21  prevailing party;

22      3.      Treble damages pursuant to Civil Code §52(a);

23      4.      For all costs of suit;

24      5.      Prejudgment interest pursuant to Civil Code §3291; and

25      6.      Such other and further relief as the court may deem just and proper.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   **V.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
         **FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
2        **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL**
         **CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
3        (On Behalf of Plaintiff CRAIG YATES, and Against Defendant 3407 SACRAMENTO
         STREET LLC, a limited liability company, inclusive)
4        (California Civil Code §§51, 51.5, *et seq.*)

5        1.    General and compensatory damages to plaintiff CRAIG YATES according to

6   proof.

7

8   Dated: _____10/21/08_____ , 2008    THOMAS E. FRANKOVICH,
                                          *A PROFESSIONAL LAW CORPORATION*
9

10                                       By: _____
11                                            THOMAS E. FRANKOVICH
                                              Attorneys for Plaintiffs CRAIG YATES and
12                                            DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
                                              SERVICES:HELPING YOU HELP OTHERS, a California
13                                            public benefit corporation

14

15                              **DEMAND FOR JURY TRIAL**

16       Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

17  Dated: _10/21/08_ , 2008             THOMAS E. FRANKOVICH,
                                          *A PROFESSIONAL LAW CORPORATION*
18

19                                       By: _____
20                                            THOMAS E. FRANKOVICH
                                              Attorneys for Plaintiffs CRAIG YATES  and
21                                            DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
                                              SERVICES:HELPING YOU HELP OTHERS, a California
22                                            public benefit corporation

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
                                                                          25

# EXHIBIT A

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

July 1, 2008

Manager
Button Down
3415 Sacramento St.
San Francisco, CA 94118

Dear Manager of Button Down:

I have been to your store and Wilkinson Home Design. You have a shared entrance. That's why I'm writing both of you separate letters but really only one.

There is a problem. If you're a wheelchair user like me, there is no way to get in because the landing has about a 2-inch step. So, wheelchair users have this as an obstacle. Looks like the landing is big enough to do a curb type cut. That would make a ramp. I think both the tenants should get together with the landlord and solve the problem.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Button Down and Wilkinson Home Design once they are accessible to me. I'll possibly come by when I'm in the area. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

July 1, 2008

Owner of Building
Button Down
3415 Sacramento St.
San Francisco, CA 94118

Dear Owner of Building for Button Down:

I have been to your store and Wilkinson Home Design. You have a shared entrance. That's why I'm writing both of you separate letters but really only one.

There is a problem. If you're a wheelchair user like me, there is no way to get in because the landing has about a 2-inch step. So, wheelchair users have this as an obstacle. Looks like the landing is big enough to do a curb type cut. That would make a ramp. I think both the tenants should get together with the landlord and solve the problem.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Button Down and Wilkinson Home Design once they are accessible to me. I'll possibly come by when I'm in the area. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

July 1, 2008

Manager
Wilkinson Home Design
3417 Sacramento St.
San Francisco, CA 94118

Dear Manager of Wilkinson Home Design:

I have been to your store and Button Down. You have a shared entrance. That's why I'm writing both of you separate letters but really only one.

There is a problem. If you're a wheelchair user like me, there is no way to get in because the landing has about a 2-inch step. So, wheelchair users have this as an obstacle. Looks like the landing is big enough to do a curb type cut. That would make a ramp. I think both the tenants should get together with the landlord and solve the problem.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Button Down and Wilkinson Home Design once they are accessible to me. I'll possibly come by when I'm in the area. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

July 1, 2008

Owner of Building
Wilkinson Home Design
3417 Sacramento St.
San Francisco, CA 94118

Dear Owner of Building for Wilkinson Home Design:

I have been to your store and Button Down. You have a shared entrance. That's why I'm writing both of you separate letters but really only one.

There is a problem. If you're a wheelchair user like me, there is no way to get in because the landing has about a 2-inch step. So, wheelchair users have this as an obstacle. Looks like the landing is big enough to do a curb type cut. That would make a ramp. I think both the tenants should get together with the landlord and solve the problem.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Button Down and Wilkinson Home Design once they are accessible to me. I'll possibly come by when I'm in the area. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates